FILED

Aug 17 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.   3-21-mj-71300 MAG |
| JAMES WILLIAM PALMER | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  01/27/21 & 05/2020 to 01/2021  in the county of  Marin County  in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Maximum 10 years imprisonment |
| | Maximum $250, 000 fine |
| 18 USC 922(a)(1)(A) | Maximum 3 years supervised release |
| | $100 special assessment |
| | Forfeiture |

This criminal complaint is based on these facts:

See attached affidavit of ATF agent Joseph Demartini

☒ Continued on the attached sheet.

Approved as to form  *Alexis James*
AUSA   Alexis James

Sworn to before me by telephone.

Date:  08/17/2021

City and state:   San Francisco, CA

s/
*Complainant's signature*

Joseph Demartini, Special Agent ATF
*Printed name and title*

*Judge's signature*

Hon. Judge Joseph C. Spero
*Printed name and title*

**AFFIDAVIT OF ATF SPECIAL AGENT
JOSEPH DEMARTINI IN SUPPORT OF CRIMINAL COMPLAINT**

I, Joseph Demartini, a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, currently assigned to the ATF San Francisco Metro Field Office in San Francisco, California, being duly sworn, hereby state as follows:

**I.      INTRODUCTION**

1.      I submit this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of **James William PALMER** for (1) being an Unlicensed Manufacturer and Dealer Manufacturing and Dealing Firearms, in violation of Title 18 United States Code Section 922(a)(1)(A) between in or about May 2020 and in or about January 2021; and for (2) being a Prohibited Person in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) on or about January 27, 2021 in the Northern District of California.

**II.      AFFIANT BACKGROUND AND SOURCES OF INFORMATION**

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since July 2020. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia.

3.      As an ATF Special Agent, I have been trained to conduct and participate in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have received training in investigating and assisting in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. I have received training and participated in various types of investigative techniques, including using electronic surveillance, undercover agents, and informants.

4.      This affidavit is submitted for the limited purpose of securing a criminal

complaint and arrest warrant.  I have not included every fact known to me concerning this investigation.  Instead, I have set forth only the facts sufficient to establish probable cause that a violation of the federal law identified above have occurred.

5. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, information provided by reports prepared by other agents and law enforcement officers, and information provided by records and databases. I believe these sources to be reliable. Where I refer to conversations and events, unless otherwise noted, I refer to them in substance and in relevant part rather than in their entirety or verbatim.  This affidavit reflects my current understanding of the facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

6. My experience and training as a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and my participation in the investigation form the basis of the opinions and conclusions set forth below.

### III.  APPLICABLE LAW

7. Title 18 U.S.C. § 922(a)(1)(A) prohibits any person from engaging in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce without a license.  The elements of a section 922(a)(1)(A) offense are:

   a. The defendant was willfully engaged in the business of dealing in, importing, or manufacturing firearms within November 6, 2020 and January 27, 2021; and

   b. The defendant did not then have a license as a firearms dealer, importer, or manufacturer.

8. Title 18 U.S.C. § 922(g)(1) prohibits any person who has been convicted of a crime punishable by a prison term of more than 1 year, from possessing a firearm or ammunition in or affecting interstate or foreign commerce. The elements of a section 922(g)(1) offense are:

    a.   The defendant knowingly possessed a firearm;

    b.   The defendant had been convicted of a crime punishable by a prison term of more than 1 year at the time of the possession of the firearm;

    c.   The defendant knew he had been convicted of a crime punishable by a prison term of more than 1 year at the time of the possession of the firearm; and,

    d.   The firearm had been shipped or transported from one state to another.

**IV.**   **FACTS ESTABLISHING PROBALE CAUSE**

9.   On November 6, 2020, a search warrant for a forensic download of a cell phone for an unrelated Marin County Sheriff's Office (MCSO) investigation revealed a text message conversation between the subject of the unrelated MCSO investigation and a contact labeled "James." This launched an investigation into PALMER for the below charges.

    **A.**   **Manufacturing and Dealing in Firearms Without a License**

10.   Law enforcement searched for the phone number for "James," from the unrelated MCSO investigation using commercial information databases and learned that the number was associated with PALMER. During a text conversation that spanned the month of October 2020, PALMER negotiated the sale of a Glock 17 for $780.00. See below for an excerpt of the conversation from October 3, 2020:

> **PALMER**: What about getting that 17 so I can resume business? I got 6 people waiting. I got your shit ready

11.   See below for an excerpt from the continuing conversion from October 30, 2020:

> UNRELATED SUSPECT: Since u gon bug everytime I get dro off u im done doing bidness wit u ima buy that hamma today n give u whteva n im done im tired of this shit yo.
>
> **PALMER**: I'm a very responsible man. I've been doing this in the jungle for 20 years off and on. I move fast. Annoys the fuck out of people but the select few who like to hustle hard. I get it if you don't want nothing to do wit it. All I care about is the money. Every penny.
>
> UNRELATED SUSPECT: U off work

3

>**PALMER:** Yup. But wit wife and kids. What do you need?
>
>UNRELATED SUSPECT: Hamma and tree
>
>**PALMER:** Ok how much bread you have
>
>UNRELATED SUSPECT: $780 that's all she had
>
>UNRELATED SUSPECT: Where am I meeting u
>
>**PALMER**: Ill leave to you. Give me 20 mins exactly. Leaving in 10

Based on my training and experience "hamma" refers to a pistol and a "17," mentioned earlier in the conversation, refers to a Glock 17. The "jungle" is referencing a housing project in Marin City, CA. "Tree" refers to marijuana and "bread" is a reference to US currency.

12.  As a part of the investigation, MCSO obtained a search warrant for PALMER's residence in Mill Valley, CA and his vehicles. On January 27, 2021, law enforcement executed a search warrant of PALMER's residence. MCSO found multiple firearm receivers[1] in various stages of completion, privately manufactured firearm (PMF) jigs[2], firearms parts and accessories, assorted ammunition, a Glock pistol frame with the serial number plate removed, and other tools often used for the production of firearms inside of PALMER's garage.

13.  In the same garage, MCSO also found a fully completed P80 .45 caliber Glock style semi-automatic handgun with one round .45 ACP round in the chamber. MCSO deputies also observed a white board with various names and corresponding numbers such as 100 and 500, which deputies believe to be indictive of amounts owed and/or paid.

14.  MCSO sought and obtained a search warrant for PALMER's cell phones on January 29, 2021 and February 4, 2021. The forensic examination of PALMER's cell phones revealed multiple text conversations between PALMER and multiple prospective buyers and

---

[1] 27 CFR § 479.11 defines "receiver" as the following: "That part of a firearm which provides housing for the hammer, bolt or breechblock and firing mechanism, and which is usually threaded at its forward portion to receive the barrel."

[2] A "jig" is a device used to maintain mechanically the correct positional relationship between a piece of work and the tool or between parts of work during assembly. Regarding firearms manufacturing, it allows an individual with less machining experience to more easily and precisely manufacture Privately Made Firearms (PMFs).

sellers of firearms. Deputies observed in these conversations price amounts for firearms, meeting places for exchange of money and firearms, photos of firearms, and discussion on whether a debt is owed. When PALMER contacted potential sellers of firearms and firearms parts, he often requests that purchases be made without the use of a Federal Firearms Licensee (FFL) in order to avoid related paperwork and background checks associated with purchasing firearms from FFLs, using phrases like "under the radar" and "FFL madness."

15. Deputies also observed notes in PALMER's phone of names and corresponding numbers seemingly a list of people who have paid or owe money. Images of the notes observed in PALMER's phone are below.

```
5/25/2020
Strap
Al-230
Ch-80
Ty-90
30 x17
```
Appears to be an itemized list of individuals who owe/paid a certain amount of money for a 'strap' or firearm

```
6/22/2020
G 15= 50
A= 150
Twin=400
J=370
C=800
J= 50
Total=$1,820.00
-1600
-400
```
Appears to be an itemized list of individuals who owe/paid a certain amount of money for an item. Additionally, there appears to be a financial breakdown of payments/debits from the total amount.

```
8/5/2020
Twins 4 for 500
Jess for 2 260
Jo 160
Front 20 for 80
Ana 150
Gave one
```
Appears to be an itemized list of individuals who owe/paid a certain amount of money for an item.

### B. PALMER Possessed of a Firearm

16. On or about January 27, 2021, pursuant to the aforementioned search warrant, MCSO deputies stopped PALMER in Mill Valley, CA in the Northern District of California. PALMER who was driving a Lexus sedan with license plate 8***220 registered to PALMER,

was the sole occupant of the vehicle.  When MCSO deputies approached, PALMER presented his driver's license and confirmed his identity.  MCSO deputies detained PALMER and then searched the vehicle.  MCSO deputies recovered a loaded Glock brand, Model: 26, .45 ACP caliber pistol, bearing serial number BGHT680 from the vehicle.  Deputies also recovered two loaded .45 caliber magazines from the center console of the vehicle.

17. Deputies searched PALMER's person and recovered a .40 caliber round of ammunition in the front left pocket of PALMER's pants.  Deputies also recovered receipts in PALMER's wallet from Peninsula Guns and Tactical, and Next Wave Electronics for firearm parts purchased.

18. MCSO deputies interviewed PALMER and post-Miranda he admitted that the firearm located in the Lexus belonged to him.  He also stated that he purchased the Glock for $900.00 at a gun show two weeks earlier.  PALMER stated that he knew the price of $900.00 was more expensive than the regular cost of that model of firearm, but that he paid the higher price to receive the firearm immediately and avoid paperwork.  PALMER claimed that the did not know he was a prohibited person from possessing firearms.  PALMER also stated that the names and numbers on the white board were regarding bets.

### C. PALMER's Knowledge of Prohibited Status

19. On April 4, 2011, PALMER was convicted of Assault with a Deadly Weapon in violation of California Penal Code section 245(a)(1).  PALMER was sentenced to 6 months of jail and 3 years of probation in San Francisco Superior Court.

20. During PALMER's plea colloquy, PALMER was informed that California Penal Code section 245(a)(1) is a felony and punishable by more than a year in state prison.  The minutes from the plea colloquy indicate the PALMER appeared at the proceeding out of custody.  I therefore believe, that PALMER was aware that his conviction was punishable by more than year.

### D. The Firearm Traveled in Interstate or Foreign Commerce

21. An ATF interstate nexus expert confirmed that the Glock brand, Model: 36, .45 ACP caliber pistol, bearing serial number BGHT680 that was recovered from PALMER was not manufactured in the state of California. As a result, the firearm must have traveled in interstate and/or foreign commerce prior to being possessed by PALMER within the Northern District of California.

### E. PALMER is Not a Registered Federal Firearms Licensee

22. An investigation into PALMER's status revealed that he is not a registered Federal Firearms Licensee, therefore PALMER is in violation of Title 18 Section 922(a)(1)(A) (importing, manufacturing, or dealing in firearms without a license).

## V. CONCLUSION

23. On the basis of my participation in this investigation and the information summarized above, I believe there is probable cause to **JAMES WILLIAM PALMER**, violated one count of Unlicensed Manufacturer and Dealer Manufacturing and Dealing Firearms, pursuant to Title 18 United States Code Section 922(a)(1)(A) on or about and in between October 30, 2020 and January 27, 2021; and one count of Prohibited Person in Possession of a Firearm, pursuant to Title 18, United States Code, Sections 922(g)(1) on or about January 27, 2021 in the Northern District of California.

Dated: 8/17/2021

s/
JOSEPH DEMARTINI
Special Agent
Alcohol, Tobacco, Firearms, & Explosives

Subscribed to and sworn to before me this 17th day of August, 2021

HON. JOSEPH C. SPERO
United States Magistrate Judge

7

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>James William Palmer<br><br>*Defendant* | Case No. 3-21-mj-71300 MAG |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*  James Palmer  ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 USC 922(g)(1) - Felon in Possession of a Firearm
18 USC 922(a)(1)(A) - Unlicensed Manufacturer and Dealing Manufacturing and Dealing Firearms

Date: 08/17/2021

*Issuing officer's signature*

City and state: San Francisco, California

Hon. Magistrate Judge Joseph C. Spero
*Printed name and title*

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: James Palmer
Known aliases:
Last known residence: 145 Stadium Avenue, Mill Valley CA 94601
Prior addresses to which defendant/offender may still have ties:

Last known employment:
Last known telephone numbers:
Place of birth:
Date of birth: 07/19/1984
Social Security number:
Height: 6' 4"  Weight: 215
Sex: M  Race: White
Hair: Brown  Eyes: Brown
Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:
Complete description of auto:

Investigative agency and address: ATF Joseph Demartini 925-584-4727

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

| | |
|---|---|
| STEPHANIE M. HINDS (CABN 154284)<br>Acting United States Attorney<br><br>HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division<br><br>ALEXIS JAMES (NYBN 5603865)<br>Assistant United States Attorney<br><br>  450 Golden Gate Avenue, Box 36055<br>  San Francisco, California 94102-3495<br>  Telephone: (415) 436-6758<br>  FAX: (415) 436-7027<br>  Alexis.James@usdoj.gov<br><br>Attorneys for United States of America | **FILED**<br><br>Aug 17 2021<br><br>SUSAN Y. SOONG<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES WILLIAM PALMER,<br><br>  Defendant. | CASE NO. 3-21-mj-71300 MAG<br><br>MOTION TO SEAL<br>AND [PROPOSED] ORDER |

The United States hereby moves the Court for an order sealing this Motion, the Complaint, the Arrest Warrant, and this Sealing Order until further order of the Court. Disclosure of the existence of the Complaint and Arrest Warrant may cause the subject of the Complaint to flee, destroy evidence or conceal on-going criminal activity, jeopardizing the progress of the ongoing investigation and the arrest of the defendant.

Accordingly, the United States requests that the Court seal these documents, except that the Clerk of Court shall provide copies of the sealed documents to employees of the United States Attorney's Office. The United States Attorney's Office is permitted to share these documents as necessary with counsel for the subject of the Complaint and with agents of the Alcohol, Tobacco,

MOT. TO SEAL AND [PROP.] ORDER

Firearms, and Explosives (ATF) and other law enforcement officers.

DATED: August 17, 2021

Respectfully Submitted,

STEPHANIE M. HINDS
Acting United States Attorney

/s/ *Alexis James*
ALEXIS JAMES
Assistant United States Attorney

## ORDER

Based upon the motion of the government and for good cause shown, IT IS HEREBY ORDERED that the government's Motion to Seal, Complaint, Arrest Warrant, this Sealing Order, and other related documents in this case shall be sealed until further order of the Court. A copy of the Complaint and Arrest Warrant shall be provided to agents of the Alcohol, Tobacco, Firearms, and Explosives (ATF) other law enforcement, and employees of the United States Attorney's Office, and the Complaint and Arrest Warrant may be disclosed to federal agents and other law enforcement officers in order to effectuate the arrest of the defendants. The United States Attorney's Office is permitted to share these documents as necessary with counsel for the subject of the Complaint.

DATED: 8/17/2021

HON. JOSEPH C. SPERO
United States Magistrate Judge